UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEFFERY LANCASTER,

        Plaintiff,

v.                                        Case No. 3:21-cv-00559-BJD-JBT

NATHAN JONES, et al.,

        Defendants.
_____

**ORDER**

Plaintiff, Jeffery Lancaster, a pretrial detainee, initiated this action pro se by filing a complaint for the violation of civil rights (Doc. 1; Compl.). Plaintiff is proceeding as a pauper. See Order (Doc. 5). Plaintiff identifies fourteen Defendants, including the Clay County Sheriff's Department, Clay County, multiple officers, an attorney with the Office of the State Attorney, and defense attorneys appointed to represent him in his pending criminal action. See Compl. at 12. He alleges Defendants violated his Fourth, Fifth, Sixth, and Eighth Amendment rights. Id. at 3. As relief, Plaintiff seeks compensatory damages and to have his "freedom as an American citizen [restored]." Id. at 22-23.

Upon review of the complaint, the Court finds Plaintiff has failed to set forth his claims sufficiently. Federal Rule of Civil Procedure 8(a) requires a pleading to include a short and plain statement of the claim showing the pleader is entitled to relief. Rule 10(b) requires all averments of the claim be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To survive dismissal, a complaint must allege facts, accepted as true, that state a claim "that is plausible on its face." Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009). The standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." Id.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. See 42 U.S.C. § 1983. More than conclusory and vague allegations are required to state a cause of action under § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam) (citing Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984)).

Plaintiff primarily complains that his October 16, 2020 arrest was unlawful and the charges against him are unjustified. He alleges "criminal charges . . . have been brought against him illegally," id. at 14; his appointed counsel is doing "nothing to fight for [his] legal rights," id. at 19; the Sheriff's Office has failed to properly train its officers, id. at 22; and the prosecutor is not ensuring the law is being "faithfully executed and enforced," id. at 14. These allegations do not give rise to cognizable claims for relief.

First, Plaintiff names Defendants not subject to suit. For instance, public defenders "are not state actors for purposes of § 1983." Rolle v. Glenn, 712 F. App'x 897, 899 (11th Cir. 2017) (citing Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981)). Additionally, a sheriff's office or jail facility is not a legal entity subject to suit under § 1983. See Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013) (citing Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992)). See also Monroe v. Charlotte Cnty. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) ("A correctional facility or [a] jail is not a proper defendant in a case brought under 42 U.S.C. § 1983." (citing Chapter 30, Florida Statutes)). Finally, prosecutors enjoy absolute

immunity for actions taken in the scope of their official duties. See Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."). Accord Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000).

Second, Plaintiff attempts to pursue claims that are not viable under § 1983 or are not ripe. While municipalities generally are amenable to suit under § 1983, a claim against a municipality, such as a county, may not be premised on a theory of vicarious liability. Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658, 691, 694 (1978). Rather, to proceed against a municipality, a plaintiff must allege the existence of a "custom or policy that constituted deliberate indifference to [a] constitutional right" and that caused a constitutional violation. Moody v. City of Delray Bch., 609 F. App'x 966, 967 (11th Cir. 2015) (quoting McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004)).

In his complaint, Plaintiff references a policy or custom only in conclusory terms: he says there was a "lack of proper training." See Compl. at 22. However, he does not allege facts showing the County knew of a need to train its employees and made a deliberate decision not to do so. See Lewis v. City of W. Palm Beach, Fla., 561 F.3d 1288, 1293 (11th Cir. 2009) ("To establish a city's deliberate indifference, 'a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action.'").

Additionally, Plaintiff fails to state a plausible claim under the Fourth Amendment for malicious prosecution because the charges against him have not been dismissed, nor

3

has he been adjudicated not guilty.[1] To succeed on a malicious prosecution claim, "the plaintiff must prove (1) that the defendant violated his Fourth Amendment right to be free from seizures pursuant to legal process and (2) that the criminal proceedings against him terminated in his favor." Luke v. Gulley, 975 F.3d 1140, 1144 (11th Cir. 2020). See also Laskar v. Hurd, 972 F.3d 1278, 1293 (11th Cir. 2020) ("[T]he favorable-termination requirement will bar a suit for malicious prosecution … when the prosecution remains ongoing."). To the extent Plaintiff merely challenges the fact of his confinement or the charges against him, he should know this Court may not interfere with a pending criminal action.[2] See Turner v. Broward Sheriff's Off., 542 F. App'x 764, 767 (11th Cir. 2013) (holding Younger abstention was appropriate because the plaintiff's criminal proceedings were pending, and the plaintiff could have raised his constitutional challenges in the criminal court) (citing Younger v. Harris, 401 U.S. 37, 41 (1971)).

Plaintiff also is advised the Fifth Amendment has no application here because he sues state actors, not federal actors. See Buxton v. City of Plant City, Fla., 871 F.2d 1037, 1041 (11th Cir. 1989) ("The fifth amendment to the United States Constitution restrains the federal government, and the fourteenth amendment, section 1, restrains the states, from depriving any person of life, liberty, or property without due process of law.").

---

[1] The Court takes judicial notice that the charges against Plaintiff are pending. See Clay County Clerk of Court and Comptroller, Case Search, available at https://www.clayclerk.com/case-search/ (last visited Aug. 6, 2021).

[2] When Plaintiff filed his complaint, he planned to move to suppress the physical evidence officers discovered when they arrested him pursuant to an out-of-state arrest warrant. See Compl. at 18. The docket shows he filed a motion to suppress on July 21, 2021, and a hearing is scheduled for September 2, 2021. See Clay County Clerk of Court and Comptroller, Case Search, available at https://www.clayclerk.com/case-search/ (last visited Aug. 6, 2021).

The only potentially viable claim Plaintiff seeks to pursue is one arising under the Eighth Amendment. Plaintiff alleges officers hit him in the head during his arrest, rendering him unconscious. See Compl. at 16, 19. However, Plaintiff does not identify by name any officer who allegedly hit him, nor does he describe any injuries that resulted from the alleged conduct. If Plaintiff seeks to assert an excessive force claim under the Eighth Amendment, he must clarify the facts supporting such a claim and identify the Defendants who allegedly used excessive force against him. He may not rely on conclusory, vague assertions.

If Plaintiff chooses to amend his complaint, he should assess his case and name as defendants only those "persons" amenable to suit and allegedly responsible for violating his federal constitutional rights, and he must allege how each person is so responsible. Plaintiff is advised that he may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). Plaintiff's allegation that an unnamed officer at the jail put "fecal matter in [his] food" causing him to contract Hepatitis A, see Compl. at 21, is not only vague but is not logically related to any viable claims arising out of his arrest. Additionally, Plaintiff concedes he did not "file a grievance in the jail . . . concerning the facts relating to [his] complaint," id. at 7, meaning he failed to exhaust his administrative remedies with respect to any claim arising out of conduct that occurred at the jail, see 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted.").

In amending his complaint, Plaintiff also must adhere to the following instructions.

1. The amended complaint must be marked, "Amended Complaint."

2. The amended complaint must name as defendants only those who had been acting under color of state law and are responsible for the alleged constitutional violation.

3. The amended complaint must state the full names of each defendant (to the extent Plaintiff knows them) in the style of the case on the first page and in section I.B.

4. The list of defendants on the first page must match the list of defendants in section I.B.

5. The amended complaint (or a separate filing) must include current addresses for each defendant so the Court can direct service of process.

6. In section IV, "Statement of Claim," there must be a clear description of how **each** defendant was involved in the alleged violation(s). The allegations should be stated in numbered paragraphs, each limited to a single set of circumstances. Plaintiff should separately explain the facts giving rise to his individual claims for relief, and he should clearly state how each defendant is responsible for each alleged violation.[3]

7. In section V, "Injuries," there must be a statement concerning how **each** defendant's action or omission injured Plaintiff.

8. In section VI, "Relief," there must be a statement of what Plaintiff seeks through this action.

Plaintiff must sign and date the amended complaint after the following statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so

---

[3] Plaintiff may attach additional pages if necessary, but he should continue to number the paragraphs for a clear presentation of his factual allegations supporting each claim.

> identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Before signing the amended complaint, Plaintiff must ensure his assertions are truthful and he has not knowingly made false material declarations. He must neither exaggerate nor distort the facts but instead must truthfully state the facts underlying his claims. Knowingly making a false material declaration in violation of 18 U.S.C. § 1623 is punishable by a fine, imprisonment, or both.

Accordingly, it is now

**ORDERED:**

1.  The **Clerk** shall send Plaintiff a Civil Rights Complaint form.

2.  By **September 6, 2021**, Plaintiff must mail an amended complaint to the Court for filing, along with one copy of the amended complaint (including exhibits)[4] for each named defendant. The amended complaint should comply with the instructions on the form and those provided in this order. Any viable claims that are unrelated to those Plaintiff pursues in this action should be raised in a new case. Plaintiff's failure to comply with this order may result in the dismissal of this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of August 2021.

*Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

---

[4] Plaintiff may include exhibits, such as grievances or medical records. Plaintiff must individually number each exhibit in the lower right-hand corner of each exhibit. If his first exhibit has multiple pages, he should number the pages 1-A, 1-B, 1-C, etc.

Jax-6 8/6
c: Jeffery Lancaster