UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEFFERY LANCASTER,

    Plaintiff,

v.      Case No. 3:21-cv-559-BJD-JBT

JACOB ADAMS, et al.,

    Defendants.
_____

## ORDER

Plaintiff, Jeffery Lancaster, an inmate of the Florida penal system who is proceeding in forma pauperis (Doc. 5), initiated this action pro se by filing a complaint for the violation of civil rights. Finding his complaint deficient, the Court directed Plaintiff to file an amended complaint. See Order (Doc. 9). Plaintiff's original complaint was deficient primarily because he was attempting to challenge the criminal charges pending against him in state court (Clay County). See id. The Court informed Plaintiff it may not interfere with a pending criminal action and noted the only potentially viable claim he could pursue was one for excessive force against the arresting officers. Id.

Instead of filing an amended complaint, Plaintiff filed what appeared to be a request to stay this case "to allow the criminal courts enough time to resolve criminal proceedings." See Motion (Doc. 10). The Court denied

Plaintiff's request. See Order (Doc. 11). When Plaintiff failed to timely comply with the Court's order to amend his complaint (Doc. 9), the Court directed him to show cause why the case should not be dismissed. See Order (Doc. 12). With his response to the order to show cause (Doc. 13), Plaintiff filed a proposed amended complaint (Doc. 13-1; PAC), which is now before the Court for screening.[1]

The Prison Litigation Reform Act (PLRA) provides a district court shall "review, before docketing . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer." 28 U.S.C. § 1915A(b)(1). Additionally, a court must dismiss a complaint or a portion of a complaint if the complaint is frivolous, malicious, or fails to state a claim. Id. See also 28 U.S.C. § 1915(e)(2)(B)(i), (ii). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v.

---

[1] Plaintiff also filed a motion to amend his complaint exhibits (Doc. 14).

2

Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quoting Twombly, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quoting In re Plywood Antitrust Litig., 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. See Iqbal, 556 U.S. at 678.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. See 42 U.S.C. § 1983. Upon review of Plaintiff's recent filings, including his proposed amended complaint (Doc. 13-1), his motion for extension of time (Doc. 10), and his motion to amend his complaint exhibits (Doc. 14), it is clear Plaintiff still primarily seeks to challenge the criminal charges pending against him. For instance, in his proposed amended complaint, Plaintiff alleges three officers violated his Fourth and Fourteenth Amendment rights when they arrested him on October 15, 2020. See PAC at 4, 5. He says the officers had no jurisdiction to arrest him

and no right to search his car. Id. at 5, 12. He claims he was "falsely arrested," and the arresting officers "falsif[i]ed documents." Id. at 5, 13. And with his motion to amend his complaint exhibits (Doc. 14), Plaintiff provides copies of motions he filed in his criminal action to obtain discovery in support of his defense (Docs. 14-1 through 14-4), suggesting he wants this Court to interfere in his criminal proceedings.

The Court previously advised Plaintiff that this Court may not interfere in his criminal proceedings. See Order (Doc. 9) (citing Younger v. Harris, 401 U.S. 37, 41 (1971)). The Court also advised Plaintiff a malicious prosecution claim is not ripe because Plaintiff cannot prove "the criminal proceedings against him [have] terminated in his favor." See Luke v. Gulley, 975 F.3d 1140, 1144 (11th Cir. 2020). See also Laskar v. Hurd, 972 F.3d 1278, 1293 (11th Cir. 2020) ("[T]he favorable-termination requirement will bar a suit for malicious prosecution … when the prosecution remains ongoing."). Plaintiff acknowledges his prosecution remains ongoing, noting a hearing on his motion to suppress has been rescheduled for October 15, 2020. See PAC at 13; Doc. 14-1. Accordingly, Plaintiff fails to state a plausible Fourth Amendment claim the extent that claim is premised on an alleged false arrest or malicious prosecution.

4

In his proposed amended complaint, Plaintiff also mentions, almost as an aside, that Officer Jones "hit [him] in the right side of [his] head," and he was "beat[en] by (3) officers." See PAC at 5, 12. Plaintiff provides few facts explaining the circumstances of the alleged use of force against him. For instance, he does not say what prompted Officer Jones to hit him, how Officers Adams and Bell were involved in the alleged "beat[ing]," or what injuries he sustained other than a possible "swollen head" and "dizz[iness]," for which he was told to "rest." Id. at 5.

The Eleventh Circuit has emphasized that some amount of force during arrest is permitted. Vinyard v. Wilson, 311 F.3d 1340, 1347 (11th Cir. 2002) (citing Graham v. Connor, 490 U.S. 386, 396 (1989)). Determining whether an officer used more force than necessary under the circumstances "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Id. As such, a Fourth Amendment excessive force claim "depends on the particular circumstances of the arrest." Stephens v. DeGiovanni, 852 F.3d 1298, 1324-25 (11th Cir. 2017).

Plaintiff provides no "direct or inferential allegations respecting all the material elements necessary to sustain a recovery under" the Fourth Amendment. See Roe, 253 F.3d at 683. In other words, he does not allege facts

5

that would permit the reasonable inference the use of force was unreasonable under the circumstances. In fact, he implies he was not complying with officers' commands: he claims to have told the officers they had "no right" to question or search him, which suggests some amount of force may have been reasonable. See PAC at 12.

Because Plaintiff fails to state a plausible claim in his proposed amended complaint, the Court will not direct the Clerk file it on the docket as an amended complaint. However, because Plaintiff says an officer hit him and "knocked [him] out," requiring a trip to the hospital, see PAC at 12, 13, the Court will afford Plaintiff one final opportunity to amend his claims. If Plaintiff wishes to proceed on a Fourth Amendment excessive force claim against the arresting officers, he must explain the circumstances under which force was used, including what he did and said, what each officer did and said, and the nature and extent of any injuries he sustained. Plaintiff should omit irrelevant facts and attachments, such as those related to a malicious prosecution claim or his pending criminal action. Any exhibits should be relevant to an excessive force claim against the officers.

Accordingly, it is

**ORDERED:**

1. The Order to Show Cause (Doc. 12) is **DISCHARGED**.

6

2. Plaintiff's motion to amend his complaint exhibits (Doc. 14) is **DENIED as moot**.

3. By **October 21, 2021**, Plaintiff must mail an amended complaint to the Court for filing. The amended complaint should comply with the instructions on the form and those provided in this order.

4. Also by **October 21, 2021**, Plaintiff must mail to the Court one copy of the amended complaint (including exhibits)[2] for each named defendant.

5. Plaintiff's failure to comply with this order may result in the dismissal of this case.

6. The **Clerk** shall send Plaintiff a civil rights complaint form.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of October 2021.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c: Jeffery Lancaster

---

[2] Plaintiff may include relevant exhibits. Plaintiff must individually number each exhibit in the lower right-hand corner of each exhibit. If his first exhibit has multiple pages, he should number the pages 1-A, 1-B, 1-C, etc.